UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD GEBBIA | CIVIL ACTION |
| VERSUS | NO. 15-3958 |
| ART CATERING, INC. ET AL | SECTION "L" |

### ORDER AND REASONS

Before this Court is a Motion for Summary Judgment filed by Defendants Art Catering, Inc. and Bristow U.S., LLC, on November 15, 2016. (R. Doc. 40). The Plaintiff, Donald Gebbia, opposes the Motion. (R. Doc. 47). Upon leave of the Court, Defendants filed a reply. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Donald Gebbia on July 20, 2015, while he was employed as a Jones Act seaman by Defendant Art Catering, Inc. ("Art Catering") aboard the drill ship PACIFICA SANTA ANA, a vessel owned and operated by non-party Pacific Drilling, Ltd.  (Rec. Doc. 1 at 2).  Jurisdiction of this Court is invoked under diversity, the Jones Act, and general maritime law.  (Rec. Doc. 1 at 2).

Plaintiff claims he suffered serious injury that has rendered him unfit for returning to work while being transported onto the vessel by a helicopter owned or operated by Defendant Bristow Group, Inc. ("Bristow"). (Rec. Doc. 1 at 3).  Specifically, Plaintiff alleges that the turbulence during the helicopter transfer caused him injury to his lower back and hip.  Plaintiff alleges that the Defendants were negligent in failing to provide a safe workplace, to provide adequate training and safety precautions, and to maintain a seaworthy method of transportation.

(Rec. Doc. 1 at 3). Plaintiff seeks damages for lost wages, pain and suffering, medical expenses, and physical disability, as well as maintenance and cure benefits from the date of injury until maximum cure is achieved. (Rec. Doc. 1 at 4). Plaintiff also seeks punitive damages, attorney's fees, and additional compensatory damages because Defendant Art Catering unreasonably refused to pay maintenance and cure. (Rec. Doc. 1 at 5).

Bristow answers and states that Bristow Group, Inc. is the parent company of Bristow U.S., LLC, which is the proper party to this action. (Rec. Doc. 10 at 1). Bristow denies the Plaintiff's allegations and asserts a number of affirmative defenses, including that Plaintiff's injuries were either pre-existing or were caused by his own contributory negligence or the fault of third parties. (Rec. Doc. 6 at 4-5).

Art Catering answers, demands a jury trial, and denies all allegations. (Rec. Doc. 11 at 3). Art Catering also avers that Plaintiff is not entitled to any relief, including attorney's fees or punitive damages. (Rec. Doc. 11 at 4). Art Catering asserts a number of affirmative defenses, including that that Plaintiff's injuries were either pre-existing or were caused by his own contributory negligence or the fault of third parties. (Rec. Doc. 11 at 4). Art Catering also invokes its right to investigate Plaintiff's eligibility for maintenance and cure and to plead any defenses to Plaintiff's claim as they are discovered. (Rec. Doc. 11 at 5).

## II. PRESENT MOTION

Defendants filed the instant Motion for Summary Judgment arguing that there are no genuine issues of material fact. (R.Doc. 40-1 at 1). Plaintiff opposes Defendants' legal and factual conclusions, arguing that genuine issues of material fact still exist and summary judgment is inappropriate at this time. (R. Doc. 47).

### A. Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

### B. Defendants' Arguments

Defendants argue that Plaintiff has failed to allege a theory of recovery under the Louisiana Products Liability Act ("LPLA") and has not submitted sufficient evidence to support his claim that Defendants were negligent. (R. Doc. 40-1). Accordingly, Defendants aver summary judgment in their favor is appropriate.

Defendants aver that this claim is subject to the LPLA because it is based on the helicopter and its function. (R. Doc. 2-3). Because Plaintiff offers no evidence that the helicopter malfunctioned, Defendants argue his claim fails to prove a material fact in a products liability claim, and thus fails in its entirety. *Id*. at 2-4. However, Defendants also argue that even if the Court does not apply the law of products liability to this case, Plaintiff's claim still fails because he has not met his burden to prove Defendants were negligent. *Id*. at 5. Defendant alleges that Plaintiff's claims regarding the safety of the helicopter have been a moving target with little detail. *Id*. Further, Defendants argue that Plaintiff has contradicted himself throughout the process of preparing for trial. *Id*. at 5-6. Plaintiff does not have any witnesses confirming his story, and the evidence, including the testimony of his mother, sister, and three vessel employees, shows that he had a preexisting injury. *Id*. at 6-8.

### C. Plaintiffs' Arguments

Plaintiff opposes Defendants' Motion. (R. Doc. 47). Plaintiff contends that his claims are not subject to, nor does he seek any relief under, the LPLA. *Id*. at 3. He argues that he does not make any allegations regarding the functioning of the helicopter, but rather its negligent operation. *Id*. Accordingly, products liability is not the appropriate remedy, and he does not argue such. Further, Plaintiff argues that he adequately and specifically pleads the issue of negligence, including failure to provide minimum safety requirements; failure to provide

adequate personnel for the job in question and creation and maintenance of an unseaworthy method of transportation. *Id*.

### D. Analysis

This Court finds that a genuine issue of material fact still exists regarding the nature and details of the alleged accident. At this time, it is Plaintiff's word against the word of other witnesses and family members. While the evidence may eventually weigh in the Defendants' favor, at this stage in the litigation the Court must make all reasonable inferences in Plaintiff's favor. Doing so, this Court cannot reasonable find that no reasonable jury could return a verdict for Plaintiff. Accordingly, a finding of summary judgment at this time is inappropriate.

Further, while it appears that Plaintiff may fail to support a claim under the LPLA, there is no indication in the pleadings that Plaintiff seeks relief under the LPLA. His argument is based on the Defendants' negligence, not on the improper functioning of the helicopter due to a product or design defect. Accordingly, Defendants' LPLA arguments bear no weight.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 40) is **DENIED**

New Orleans, Louisiana, this 30th day of November, 2016.

*[signature]*
UNITED STATES DISTRICT JUDGE